AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)  ☐ Original  ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

```
LODGED
CLERK, U.S. DISTRICT COURT
4/29/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY
```

| United States of America | |
|---|---|
| v. | |
| WADE JAMAL RICHARDSON, | Case No.    2:22-mj-01686-DUTY |
| Defendant. | |

```
FILED
CLERK, U.S. DISTRICT COURT
APRIL 29, 2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AF___ DEPUTY
```

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of April 28, 2022, in the county of Los Angeles in the Central District of California, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

*/s/ Thomas J. Vasquez*
*Complainant's signature*

Thomas J. Vasquez, FPS Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:    April 29, 2022

*Judge's signature*

City and state:   Los Angeles, California

Hon. Alka Sagar, U.S. Magistrate Judge
*Printed name and title*

AUSA: Julia Hu (x3802)

## AFFIDAVIT

I, Thomas Vasquez, being duly sworn, declare and state as follows:

### PURPOSE OF AFFIDAVIT

1.   This affidavit is made in support of a criminal complaint and arrest warrant against WADE JAMAL RICHARDSON ("RICHARDSON") for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

2.   The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

### BACKGROUND OF AFFIANT

3.   I am a Special Agent with the United States Department of Homeland Security, Federal Protective Service ("FPS").  I have been in this position since August 2017.  From 2013 to July 2017, I was an FPS uniformed law enforcement officer.  In that position, I conducted various preliminary investigations including persons in possession of firearms.  As part of my official duties, I investigate crimes against the United States

that originate on United States government property, including prohibited persons in possession of a firearm.

4.    I have completed two basic training courses at the Federal Law Enforcement Training Center in Glynco, Georgia, which included training in the investigation of various crimes including prohibited persons in possession of a firearm.

## SUMMARY OF PROBABLE CAUSE

5.    On April 18, 2022, RICHARDSON threatened a Social Security Administration Protective Security Officer that he would "blow your brains out" when he told RICHARDSON that he had to wear a mask in the building.  On April 20, 2020, I went to his residence in South El Monte, California to interview him about that incident.  When I asked whether he had firearms in the residence, RICHARDSON replied, "somewhere in here," before later denying he had a firearm.

6.    On April 28, 2022, I and other law enforcement officers executed a federal search warrant at RICHARDSON's residence and found a Forjas Taurus, Model GZs, 9mm caliber handgun, bearing serial number TLT69579, loaded with eight rounds of ammunition, in a purple bag next to RICHARDSON's bed and nightstand.  Inside the nightstand were an additional 58 rounds of various caliber ammunition.

7.    RICHARDSON has four prior felony convictions, including a prior conviction for being a felon in possession of a firearm.

## STATEMENT OF PROBABLE CAUSE

8.   Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A.   RICHARDSON Threatened to "Blow the Brains" Out of an SSA Protective Security Officer**

9.   On April 18, 2022, RICHARDSON visited the El Monte, California Social Security Administration Office ("El Monte SSA Office") located at 9351 Telstar Avenue in El Monte, California to inquire about an overpayment.

10.   Surveillance video shows RICHARDSON arriving at the El Monte SSA Office in a white 2011 Buick Lucerne, bearing California license plate number FR134DP, with a female companion, later identified as L.S.

11.   According to a law enforcement report and written statements by witnesses and as depicted in surveillance video, RICHARDSON attempted to enter the lobby of the SSA Office without a facemask, which led to an altercation with A.C., as detailed below:

a.   A.C., who is a Protective Security Officer employed by Paragon Systems assisting officers and employees of the El Monte SSA Office, was performing his official duties in monitoring the lobby.  A.C. provided RICHARDSON with a facemask.

b.   RICHARDSON rejected the facemask and told A.C. that he did not want it because he believed that A.C. had grabbed the sanitized area of the facemask "with his dirty hands."

       c.   A.C. instructed RICHARDSON to wait in line. RICHARDSON became disorderly and began cursing at A.C.

       d.   RICHARDSON threw the facemask on the floor and told A.C. if he could not be seen, nobody would and positioned himself and his wheelchair in front of the lobby door.

   12.  A.C. called the El Monte Police Department.  While A.C. was waiting for El Monte Police to arrive, RICHARDSON continued to yell at A.C.

   13.  RICHARDSON eventually wheeled away from the lobby door.  According to witness statements by A.C. and bystander D.T., RICHARDSON yelled to A.C. that he was going to come back and "blow your brains out."  In my training and experience, a threat to blow someone's brains out implies the use of a firearm.

   14.  RICHARDSON got into the Buick Lucerne and drove off.

   **B.   Interview with RICHARDSON on April 20, 2022**

   15.  On April 20, 2022, I went to RICHARDSON's Residence on Kale Street in South El Monte, California ("Kale Street Residence") to conduct a non-custodial interview with RICHARDSON.  California Department of Motor Vehicles records showed that RICHARDSON reported the Kale Street Residence as his address and that the Buick Lucerne was registered to him there.

   16.  L.S. answered the door to the Kale Street Residence. RICHARDSON was sitting on his bed in his bedroom when we arrived with the door open.  I approached RICHARDSON and displayed my credentials.  I asked RICHARDSON whether he had firearms at the

Kale Street Residence, and RICHARDSON replied, "somewhere in here."

17.   I conducted a recorded interview of RICHARDSON in the living room.  RICHARDSON confirmed that he was living at the Kale Street Residence.

18.   RICHARDSON confirmed that he went to the El Monte SSA Office on April 18, 2022.  RICHARDSON initially said that he did not remember what happened after the initial altercation with A.C. about the facemask.  Later, when I asked him whether he told A.C. that he was going to "blow his brains out," RICHARDSON said that he was "mad talking" and "if [he] said something to the man it was out of anger and frustration."  Eventually, RICHARDSON said, "yeah, I probably did."

19.   Toward the end of the interview, when asked where the firearms were in the Kale Street Residence, RICHARDSON said that he did not have any firearms and said that he thought that I was asking earlier if he had any weapons in the residence and that he had a knife in his backpack.  I do not recall seeing a backpack in either the living room or bedroom of the Kale Street Residence.

20.   RICHARDSON did not consent to a search of the Kale Street Residence.  RICHARDSON consented to a search of the Buick Lucerne, but no weapons or contraband was found.

**C.   Execution of Search Warrant for the Kale Street Residence**

21. On April 27, 2022, the Honorable Gail Standish, United States Magistrate Judge for the Central District of California,

issued search warrants for the Kale Street Residence and
RICHARDSON's person.  Case Nos. 22-MJ-1667 & 22-MJ-1668.

22.  On April 28, 2022, I, along with other law enforcement
officers, went to the Kale Street Residence to execute the
search warrants.  RICHARDSON and L.S. were present.  The
residence had two bedrooms.

23.  We entered RICHARDSON's bedroom to search it.  I knew
the bedroom belonged to RICHARDSON based on the fact that I saw
him sitting on the left side of the bed in the same bedroom on
both visits to his residence.  RICHARDSON also had prescription
pill bottles in his name on a nightstand on the left side of the
bed in the bedroom.

24.  The same nightstand also contained documents bearing
RICHARDSON's name, such as a Visa debit card and an East Beverly
High School Diploma.

25.  Near or in RICHARDSON's nightstand, we found the
following:

a.   In a purple bag immediately next to the
nightstand, a Forjas Taurus, Model GZs, 9mm caliber handgun,
bearing serial number TLT69579.  The firearm was loaded with a
magazine containing seven rounds of 9mm caliber hollow-point
ammunition and one round of 9mm caliber ammunition in the
chamber.  The purple bag contained miscellaneous items,
including medical supplies.

b.   Behind the nightstand on the floor, a 9mm
magazine that was loaded with seven rounds of 9mm caliber
ammunition.

      c.   In a drawer of the nightstand, in addition to the items bearing RICHARDSON's name described above, an empty 13-round magazine as well as the following ammunition:

             i.   Six rounds of 9mm caliber ammunition;

             ii.  Three rounds of 40mm caliber ammunition;

             iii. 20 rounds of .380 automatic caliber ammunition;

             iv.  19 rounds of .38 special caliber ammunition;

             v.   Ten rounds of .223 caliber ammunition.

**D.  RICHARDSON's Criminal History**

26.   According to a Superior Court of California, County of Los Angeles Probation Officer's report, RICHARDSON is a documented member of the Grape Street Watts Gang.

27.   On April 19, 2022, I reviewed California Law Enforcement Telecommunications System records for RICHARDSON and learned that RICHARDSON has previously been convicted of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

      a.   Possession of Controlled Substances, in violation of California Health & Safety Code § 11350(a), in the Superior Court for the State of California, County of Los Angeles, Case Number TA06261801, on or about November 21, 2001;

      b.   Felon in Possession of a Firearm, in violation of California Penal Code § 12021(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number VA07456801, on or about January 22, 2003;

c.    Transportation of Phencyclidine, in violation of California Health & Safety Code § 11379.5(a), in the Superior Court for the State of California, County of Los Angeles, Case Number TA06976901, on or about May 14, 2003;

d.    Arson, in violation of California Penal Code § 451(d), in the Superior Court for the State of California, County of Los Angeles, Case Number TA113007, on or about February 28, 2011; and

e.    Threatening Crime with Intent to Terrorize, in violation of California Penal Code § 422, in the Superior Court for the State of California, County of Los Angeles, Case Number TA113007, on or about February 28, 2011.

**E.    Interstate Nexus**

28. On April 28, 2022, an ATF Interstate Nexus Expert examined the Taurus handgun and confirmed that the handgun was manufactured outside of the State of California. Because the handgun was found in California, I believe that it has traveled in and affected interstate commerce.

//

//

## CONCLUSION

29. For all of the reasons described above, there is probable cause to believe that RICHARDSON has committed a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.


Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this  29th   day of
April, 2022

_____
HONORABLE ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE